UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MARK DICKINSON,                )
                               )
            Petitioner,        )
    vs.                        )       No. 2:10-cv-64-WTL-DML
                               )
BRUCE LEMMON,                  )
                               )
            Respondent.        )

**Entry Discussing Petition for Writ of Habeas Corpus**

While confined at the Putnamville Correctional Facility, an Indiana prison, Mark Dickinson was charged in a proceeding identified as No. ISF 10-01-0150 with "making or possessing intoxicants, or being under the influence of any intoxicating substance." He was found guilty after a hearing on this charge. He was disciplined, his administrative appeal was rejected, and this action for habeas corpus relief followed.

Dickinson is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). The Due Process Clause of the Fourteenth Amendment imposes four requirements on prison disciplinary committees: (1) prison officials must give the prisoner advance written notice of the charges against him; (2) the disciplinary hearing officer must give the prisoner the opportunity to present witnesses and evidence in his defense; (3) the fact-finders must give the prisoner a written statement of the evidence upon which they relied and the reasons for their decision; and (4) the decision maker must be sufficiently impartial. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992) (citing *Superintendent v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974)). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

The procedural protections required by *Wolff* were provided in No. ISF 10-01-0150. Dickinson's sole challenge here is to the sufficiency of the evidence.

As established in *Hill*, the constitutional standard for sufficient evidence in a proceeding such as Dickinson challenges here is that the hearing officer's decision be supported by "some evidence." This standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

In this case, the evidence favorable to the hearing officer's decision is that in the predawn hours of January 13, 2010, Dickinson reported to prison authorities that he was drunk from drinking hooch. His behavior–a fall in a dormitory bathroom--corroborated the type of behavioral impairment consistent with his report of being drunk. The same is true of nursing notes following Dickinson's admission for medical observation. These circumstances constitute "some evidence" that he attempted to violate that court order and thereby violate IND. CODE § 5-46-1-15.1,4. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Dickinson to the relief he seeks. His argument that he was denied the evidentiary protections afforded by *Hill* is refuted by the expanded record. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/08/2010

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana